**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Luba Dace and Philip Dace, | Case No. 2:23-cv-01806-GMN-DJA |
| Plaintiffs, | |
| v. | **Report and Recommendation** |
| TD Bank/Target, | |
| Defendants. | |

Before the Court is Defendant TD Bank/Target's ("TD Bank") motion to dismiss, which has been referred to the undersigned magistrate judge for a report and recommendation under 28 U.S.C. § 636(b)(1)(B). (ECF No. 6). Because the Court finds that Plaintiffs have not stated a claim upon which relief can be granted, it recommends granting the motion to dismiss.

**I.      Legal standard.**

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegation are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

1   If the court grants a motion to dismiss for failure to state a claim, leave to amend should

2   be granted unless it is clear that the deficiencies of the complaint cannot be cured by

3   amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to

4   Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the

5   absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant,

6   repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the

7   opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman*

8   *v. Davis*, 371 U.S. 178, 182 (1962).

9   **II.    Background.**

10   Plaintiffs Luba Dace and Philip Dace bring a single claim against TD Bank for violations

11   of the Fair Debt Collection Practices Act ("FDCPA"). (ECF No. 1-1 at 2-3). Plaintiffs allege:

12   
13   Within the last three (3) months Plaintiffs attempted several times
to validate a debt purported to be owed to the Defendant. Plaintiffs
14   made repeated mailings [on or around 20 July 2023, 4 August 2023,
28 August 2023] that sought to validate the debt so Plaintiffs could
pay. Defendant never validated the debt, and the inaccurate,
15   unvalidated **TD BANK/TARGET 585975XXX…** and **TD
BANK/TARGET 585975218186XXX…** still appears on
16   Plaintiff's [sic] respective credit reports in violation of the FDCPA.
Plaintiffs continue to suffer emotional distress and anxiety as a result
17   of this breach of duty by Defendant.

18   
19   (*Id.* at 3) (emphasis in original).

20   Plaintiffs attach screenshots of their credit reports, the letters they sent to TD Bank,

21   screenshots of legal provisions, a photocopy of a $100 bill, and a Consumer Financial Protection

22   Bureau bulletin.[1] (*Id.* at 7-57). TD Bank moves to dismiss Plaintiffs' complaint on two grounds:

23   

24   

25   [1] "Generally, a district court may not consider any material beyond the pleadings in ruling on a
Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555
26   n.19 (9th Cir. 1990). However, a court may consider certain documents, like documents attached
to the complaint. *See U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Otherwise, if a court
27   considers materials outside of the pleadings, the motion to dismiss is converted into a motion for
summary judgment. Fed. R. Civ. P. 12(d). Although the Court does not find these attachments
28   necessary for it to decide the motion to dismiss, even if it did, consideration of Plaintiffs'

1    (1) it is not a "debt collector" within the meaning of the FDCPA; and (2) even if it were,

2    Plaintiffs' complaint dos not state a claim for violation of the FDCPA.  (ECF No. 6 at 2).

3    Plaintiffs ask the Court to liberally construe their complaint in response.  (ECF No. 11 at 2).  TD

4    Bank replies that Plaintiffs have not responded to its arguments and that Plaintiffs' pro se status

5    does not save their complaint.  (ECF No. 12 at 1, 3-4).

6    **III.    <u>Discussion.</u>**

7         The FDCPA "prohibits 'debt collector[s]' from making false or misleading

8    representations and from engaging in various abusive and unfair practices."  *Heintz v. Jenkins*,

9    514 U.S. 291, 292 (1995).  "In order to establish a claim under the FDCPA, [a] plaintiff must

10   show: (1) that he is a consumer within the meaning of 15 U.S.C. §§ 1692a(3) and 1692c(d);

11   (2) that the debt arises out of a transaction entered into for personal purposes; (3) that the

12   defendant is a debt collector within the meaning of 15 U.S.C. § 1692a(6); and (4) that the

13   defendant violated one of the provisions of the FDCPA, 15 U.S.C. §§ 1692a-1692o."  *Gutierrez*

14   *v. Wells Fargo Bank*, No. C 08-5586-SI, 2009 WL 322915, at *2 (N.D. Cal. Feb. 9, 2009); *see*

15   *also Spartalian v. Citibank, N.A.*, No. 2:12-cv-0742-MMD-PAL, 2013 WL 5437347, at *3 (D.

16   Nev. Sept. 27, 2013).

17        Plaintiffs have neither alleged that TD Bank is a debt collector nor have they alleged a

18   colorable violation of the FDCPA.  The Court thus recommends granting TD Bank's motion to

19   dismiss.  The Court further recommends dismissing Plaintiffs' complaint without prejudice and

20   with leave to amend because, although TD Bank asserts that it is not a debt collector, it points

21   only to Plaintiff's complaint for this assertion.  As a result, the Court does not find it clear that the

22   deficiencies in the complaint cannot be cured by amendment.

23        ***A.    Plaintiffs do not allege that TD Bank is a "debt collector."***

24        A consumer under 15 U.S.C. §§ 1692a(3) and 1692c(d)  is "any natural person obligated

25   or allegedly obligated to pay any debt" along with "the consumer's spouse, parent (if the

26

27   ───────────────

28   attachments does not require the Court to convert TD Bank's motion to dismiss into one for
     summary judgment.

consumer is a minor), guardian, executor, or administrator."  A "debt collector" is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6).  "The Ninth Circuit, while rejecting the per se rule adopted by other Courts of Appeal that a creditor cannot be [a] debt collector[], has held that a plaintiff must plead factual content that allows the court to draw the reasonable inference that [a defendant] is a debt collector."  *O'Connor v. Capital One*, No. CV-14-00177-KAW, 2014 WL 2215965, at \*5 (N.D. Cal. May 29, 2014); *see Schlegel v. Wells Fargo Bank, N.A.*, 720 F.3d 1204, 1208 n.2 (9th Cir. 2013).  Although this factual content need not be particularly detailed, Rule 8 demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Iqbal*, 556 U.S. at 678.

The Court recommends granting TD Bank's motion to dismiss because Plaintiffs do not sufficiently allege that TD Bank is a debt collector.  Plaintiffs allege that they are consumers. (ECF No. 1-1 at 2).  But they do not include any allegation that TD Bank is a debt collector, let alone factual content that would allow the Court to draw that inference.  Instead, Plaintiffs state that TD Bank "is a company that engages in the business of issuing consumer credit.  (i.e., a *creditor* under the FDCPA)."  (*Id.* at 3) (emphasis added).

### B. *Plaintiffs do not allege that TD Bank communicated with them.*

Under § 1692g(a) of the FDCPA, within five days after the initial communication with a consumer regarding a debt, a debt collector must send the consumer a notice stating: (1) the amount of the debt; (2) to whom it is owed; (3) that the consumer has thirty days to dispute the debt's validity; (4) that the debt collector will obtain verification of the debt if the consumer disputes it; and (5) that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor.  *See* 15 U.S.C. § 1692g(a).  If a consumer disputes the validity of the debt within thirty days of receiving the notice, the debt collector must cease collection practices and validate the debt.  *See* 15 U.S.C. § 1692g(b).  The initial communication under § 1692g is a prerequisite to triggering any debt

1  collector duties under that section. *Smith v. Law Offices of Patenaude & Felix, A.P.C.*, No. 13-

2  cv-03061-WQH-BGS, 2014 U.S. Dist. LEXIS 175072, at *15-16 (S.D. Cal. Dec. 17, 2014);

3  *Vartanian v. Portfolio Recover Assocs., LLC*, No. 2:12-cv-08358, 2013 U.S. Dist. LEXIS 32522,

4  2013 WL 877863, at *16 (C.D. Cal. Mar. 7, 2013) ("[Plaintiff] does not contend that [Defendant]

5  ever contacted him…There was then no 'initial communication' from [Defendant] sufficient to

6  trigger the 15 U.S.C. § 1692g(a)'s notice requirement.  Neither were there any debt-collection

7  practices to stop under § 1692g(b)").

8       Because Plaintiffs' allege that TD Bank failed to respond to their validation letters, the

9  Court construes their complaint as alleging a violation of 15 U.S.C. § 1692g(a).  However,

10  Plaintiffs have not alleged sufficient facts to establish this claim and the Court recommends

11  granting TD Bank's motion to dismiss it.  As outlined more fully above, Plaintiffs do not allege

12  that TD Bank is a debt collector.  But even if the Court assumes that Plaintiffs did make this

13  allegation, Plaintiffs have not alleged that they received any initial contact from TD Bank that

14  would trigger the § 1692g(a) notice requirement.

15

16       **IT IS THEREFORE RECOMMENDED** that TD Bank's motion to dismiss (ECF No.

17  6) be **granted** and Plaintiffs' complaint be **dismissed without prejudice and with leave to**

18  **amend.**  The Clerk of Court is kindly directed to send a copy of this report and recommendation

19  to Plaintiffs.

20

21                                                  **NOTICE**

22       Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be

23  in writing and filed with the Clerk of the Court within (14) days after service of this Notice.  The

24  Supreme Court has held that the courts of appeal may determine that an appeal has been waived

25  due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142

26  (1985), *reh'g denied*, 474 U.S. 1111 (1986).  The Ninth Circuit has also held that (1) failure to

27  file objections within the specified time and (2) failure to properly address and brief the

28  objectionable issues waives the right to appeal the District Court's order and/or appeal factual

1    issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991);

2    *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

3

4          DATED: April 10, 2024

5

6          _____

7          DANIEL J. ALBREGTS
           UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28